UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| INDUSTRIAL SYSTEMS & FABRICATION, INC., a Washington corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>WESTERN NATIONAL ASSURANCE COMPANY, a Minnesota company,<br><br>                    Defendant. | NO:  2:14-CV-46-RMP<br><br>STIPULATED PROTECTIVE ORDER |

Based on the stipulation of the parties through their respective counsel, ECF No. 30, the Court orders as follows:

1. The Stipulated Motion for Entry of Protective Order, **ECF No. 30**, is **GRANTED**.

2. This Stipulated Protective Order ("Protective Order") governs the treatment and handling of all documents or other products of discovery produced by any party, or information derived therefrom, and all copies, excerpts or

STIPULATED PROTECTIVE ORDER ~ 1

summaries thereof including (without limitation), answers to requests for admissions, answers to interrogatories, documents produced pursuant to FRCP 26(a), documents produced pursuant to a demand for documents, documents subpoenaed in connection with depositions, and deposition transcripts ("Discovery Information").

3. All Discovery Information shall be used solely for the prosecution and/or defense of this action.

4. The Parties agree, and it is ORDERED that, all Discovery Information obtained in connection with the Related Litigation will also be governed under the terms of this Protective Order.

5. Any party may designate (the "Designating Party") any Discovery Information as "confidential" ("Confidential Discovery Information") and thus subject to the additional terms of this Protective Order by affixing a notation to such documents, materials, or information, or by other appropriate written notice to the other parties' respective attorneys. Discovery Information shall be designated as "confidential" only if it identifies, discloses, or directly relates to protected trade secret information and/or proprietary and non-public business/financial information. It is the Parties' expectation that very few documents would be designated as "confidential."

STIPULATED PROTECTIVE ORDER ~ 2

6. Testimony taken in deposition and related deposition exhibits may similarly be designated as Confidential Discovery Information and made subject to the additional terms of this Protective Order at the time of the deposition on the record.

7. Any party may move for the Court determination of confidentiality of any Discovery Information if the parties are unable to resolve a dispute regarding an assertion of confidentiality. In the event of such dispute, the subject information shall be considered to be confidential unless and until a contrary designation is agreed upon or declared by the Court.

8. A Designating Party may withdraw its designation of confidentiality at any time.

9. If any party to this litigation objects to the designation of any document, testimony, information or material as Confidential Discovery Information, the party may, by notice to the Designating Party, object to the designation. Any party who objects to the designation of any documents or information as Confidential Discovery Information must meet and confer with the Designating Party in an effort to resolve any differences. In the event the parties are unable to resolve their differences regarding designation after a reasonable opportunity to meet and confer, the Designating Party has ten business days after such meeting either to withdraw such designation or apply to the Court for a

STIPULATED PROTECTIVE ORDER ~ 3

determination regarding the designation of such material(s) as Confidential Discovery Information. If the Designating Party applies to the Court for such a ruling, the confidentiality of such material(s) shall remain in place until the Court issues its ruling. If the Designating Party does not apply to the Court within such business day period, the designation of the Confidential Discovery Information shall be deemed withdrawn with respect to such material. The burden shall remain with the party seeking confidentiality to justify such designation.

      10.   Confidential Discovery Information shall not be disclosed or disseminated to any other person or entity, with the following exceptions:

      a.   Use of Confidential Discovery Information by the Parties, the Parties' attorneys, paralegals or secretarial staff is allowed by this Protective Order, subject to all of its conditions;

      b.   Confidential Discovery Information may be provided to expert witnesses, or consultants, **provided** such persons, before being allowed to see any Confidential Discovery Information, acknowledge in writing receipt of a copy of this Protective Order and agree to be bound by its terms.

      c.   Confidential Discovery Information may be used and otherwise submitted as exhibits in the taking of depositions of both fact and expert witnesses. In such event, the confidential exhibit and portion of the

STIPULATED PROTECTIVE ORDER ~ 4

deponent's testimony insofar as it pertains to that exhibit may be treated as Confidential Discovery Information, subject to the processes set forth herein.

11. All summaries and exhibits prepared from Confidential Discovery Information shall be stamped <u>CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER</u> by the party preparing said summaries and exhibits.

12. All persons having access to Confidential Discovery Information made available pursuant to this agreement shall not make any use of said Confidential Discovery Information except in connection with the above-captioned litigation and shall not, in the absence of the Designating Party's written consent or Court order, deliver or transfer said Confidential Discovery Information to any person not previously authorized by the terms herein.

13. Counsel disclosing Confidential Discovery Information to any person or entity shall be responsible for limiting distribution of the Confidential Discovery Information to those persons who both (1) have a need to know the information and (2) are authorized to receive the information under this Protective Order. Counsel shall be prepared to account for the disposition and use of the information by those persons.

14. All copies of Confidential Discovery Information disclosed under this Protective Order shall be subject to the same restrictions as imposed on the original information.

STIPULATED PROTECTIVE ORDER ~ 5

15. All Confidential Discovery Information disclosed to any party pursuant to this Protective Order shall remain in the possession of the party, the party's attorney, or the party's experts or consultants. No party (other than the Designating Party) may retain any Confidential Discovery Information after the conclusion of this litigation or the trial of this case, whichever comes first.

16. Upon completion of this litigation, all Confidential Discovery Information shall be returned to the Designating Party or destroyed, and written notice of said destruction provided to the Designating Party.

17. Confidential Discovery Information may be disclosed in regular proceedings of this Court, subject to approval by the Designating Party's attorney or by the following method in the absence of approvals: If Confidential Discovery Information is used for exhibits or is incorporated into any pleadings or documents filed with the Court, such exhibits or pleadings shall be (a) bound separately and (b) placed in a sealed envelope or other appropriately sealed container on which shall be endorsed:

> This envelope is sealed pursuant to the Stipulated Protective Order, dated _____, 20__, and contains confidential information filed in these proceedings. It is not to be opened or the contents thereof displayed or revealed except to the court and persons authorized by the court.

STIPULATED PROTECTIVE ORDER ~ 6

If Confidential Discovery Information appears in any transcript filed with the Court, such transcript shall be (a) bound separately, and (b) placed in a sealed envelope or other appropriately sealed container which bears the foregoing endorsement.

18. This Protective Order is not intended to and shall not be construed to limit any party's ability to file any information with the Court and/or to use any information in hearings or at trial.

The Parties understand that decisions regarding whether to seal or limit access to Court records are within the Court's discretion.

19. Any party desiring to disclose Confidential Discovery Information to any person or entity not authorized herein may only do so upon written consent of the Designating Party. If the Designating Party refuses consent, the party desiring to disclose Confidential Discovery Information may apply to the Court for permission to do so. However, the Confidential Discovery Information shall not be disclosed until such permission is obtained.

20. No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

STIPULATED PROTECTIVE ORDER ~ 7

21. By executing this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any Confidential Discovery Information as provided herein, the proposed recipient of the information will be first provided a copy of this Protective Order and required to execute a verification in the form attached hereto as **Exhibit "A."** The original verification shall then be delivered to the Designating Party.

22. A conformed copy of this Protective Order shall be provided to each party and their attorney, who shall sign and date it, acknowledging that they have read and understand it. The signed original shall be maintained by Plaintiff's counsel.

23. Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the Court, and to damages sustained as a result of any unauthorized disclosure (regardless of intent).

/ / /

/ / /

/ /

/ / /

/ /

/ / /

/ / /

STIPULATED PROTECTIVE ORDER ~ 8

24. The prevailing party in an action brought for enforcement of this Protective Order, or unauthorized disclosure hereunder shall be entitled to an award of its attorney's fees and costs.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel

**DATED** this 26th day of June 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

STIPULATED PROTECTIVE ORDER ~ 9